| Respond to Selected Documents |    Sort by date: Descending Ascending    Display options: All Entries ⌄

**05/29/2026**

**Entry of Appearance Filed**

ENTRY OF APPEARANCE JONATHAN T BARTON; Electronic Filing Certificate of Service.

**Filed By:** JONATHAN THOMAS BARTON

**On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC.

**05/04/2026**

**Memorandum Filed**

Memorandum to Clerk Regarding Return of Service; Costco Wholesale Corporation Return; Costo Wholesale Membership Inc Return; Electronic Filing Certificate of Service.

**Filed By:** DANIEL JOHN ORLOWSKY

**On Behalf Of:** VANESSA ANNUNZIATA

**Corporation Served**

Document ID - 26-SMCC-6161; Served To - COSTCO WHOLESALE MEMBERSHIP, INC.; Served Date - 04/30/2026; Served Time - 13:46:57; Service Type - SD; Reason Description - SERV; Service Text -

**Corporation Served**

Document ID - 26-SMCC-6162; Served To - COSTCO WHOLESALE CORPORATION; Served Date - 04/30/2026; Served Time - 13:46:10; Service Type - SD; Reason Description - SERV; Service Text -

**04/27/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-6162, for COSTCO WHOLESALE CORPORATION Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 26-SMCC-6161, for COSTCO WHOLESALE MEMBERSHIP, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/21/2026**

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** ADAM MARTIN GOFFSTEIN

**On Behalf Of:** VANESSA ANNUNZIATA

**04/20/2026**

**Filing Info Sheet eFiling**


**Filed By:** DANIEL JOHN ORLOWSKY

**Note to Clerk eFiling**


**Filed By:** DANIEL JOHN ORLOWSKY

**Motion Special Process Server**

Request for Appointment of Process Server.

**Filed By:** DANIEL JOHN ORLOWSKY

**On Behalf Of:** VANESSA ANNUNZIATA

**Pet Filed in Circuit Ct**

Class Action Petition for Damages.

**Filed By:** DANIEL JOHN ORLOWSKY

**On Behalf Of:** VANESSA ANNUNZIATA

EXHIBIT

Exhibit A

exhibitsticker.com

**26SL-CC03212**

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| VANESSA ANNUNZIATA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. |
| vs. | ) ) | Division: |
| COSTCO WHOLESALE CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| Serve:  Registered Agent<br>        C T Corporation System<br>        5661 Telegraph Road, Suite 4B<br>        Saint Louis, MO 63129-4275 | ) ) ) ) ) | |
| and | ) ) | |
| COSTCO WHOLESALE MEMBERSHIP, INC, | ) | |
| Serve:  Registered Agent<br>        C T Corporation System<br>        5661 Telegraph Road, Suite 4B<br>        Saint Louis, MO 63129-4275 | ) ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION PETITION FOR DAMAGES

COME NOW Plaintiff Vanessa Annunziata, on behalf of herself and all others similarly situated in the State of Missouri, through her attorneys, and brings this action against Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. ("Defendants" or "Costco"); and, upon information and belief, except as to the allegations that pertain to herself, which are based upon personal knowledge, alleges as follows:

## NATURE OF THE ACTION

1.      This action seeks to remedy the unlawful, unfair, deceptive, and misleading business practices of Costco with respect to the sale of its household products (a "Product" or the "Products").

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

2.   Missouri law requires retailers to charge sales tax on the sales of their products to Missouri purchasers.

3.   Missouri state law mandates that all retail sales within the state be subject to a retail sales tax. Missouri Revised Statutes § 144.020.1(1).  The statutory scheme setting forth this tax requirement mandates that the "tax shall only apply to the sale price paid by the final purchaser and not to any off-invoice discounts or other pricing discounts or mechanisms negotiated between manufacturers, wholesalers, and retailers." Missouri Revised Statutes § 144.083.5.

4.   Costco's Executive Membership Rewards Program ("Executive Rewards") is a program that allows Executive Members to earn an annual 2% Reward (the "Executive Reward" or "Reward") on qualified Costco purchases.  Members receive an annual Executive Reward certificate that can be redeemed toward future purchases at Costco.

5.   Executive Rewards earned as a result of purchasing Products from Costco qualify as "pricing discounts." Additional amounts purporting to be "sales tax" should not be collected by Costco on the amount of the pricing discount from the redemption of the Executive Reward and should not be paid by the purchaser.

6.   Executive Rewards should be excluded from the tax base of purchase transactions from Costco and are not subject to Missouri sales tax.

7.   Costco illegally and erroneously charges and collects "sales tax" on the full retail price of Products purchased before it applies any Executive Reward discounts or other pricing discounts that reduce the price actually paid by the customer.

8.   Costco charges this purported "sales tax" unlawfully and in violation of the express statutory prohibition against the applicability of sales tax to discounts.

2

9.    Plaintiff purchased Products from Costco using Executive Rewards in reliance on Costco's representations that the amount of "sales tax" she was required to pay in order to complete her transaction was the correct amount of "sales tax" imposed by taxing authorities.

10.    Reasonable consumers expect that amounts collected as "sales tax" on these types of transactions would be at the correct amount of tax imposed by taxing authorities.

11.    Costco repeatedly represented to consumers during the Class Period, as hereinafter defined, that it was charging the correct amount of "sales tax" and collecting a proper amount of "sales tax" on these types of transactions when, in fact, more money was collected as "sales tax" than what was imposed by taxing authorities.

12.    Plaintiff and the Class reasonably believed Costco's false and misleading representations. Costco knew or reasonably should have known that its representations regarding the correct amount of "sales tax" on retail sales that involve redeemed Executive Rewards were false, deceptive, misleading, and unlawful under Missouri law.

13.    ***Costco has profited off its*** illegal collection of monies under the guise of "tax" from Missouri consumers, including Plaintiff and the Class.

14.    As a result, Costco's practice of overcharging Missouri consumers under the guise of "tax" misleads reasonable consumers.

15.    Costco misrepresented, and/or concealed, suppressed, or omitted material facts in connection with the retail sale of its Products that involved redeemed Executive Rewards.

16.    Plaintiff and the Class did not receive Products worth the amounts reflected by the "sales tax" Costco charged and collected on these purchases, and therefore did not receive the benefit of the bargain that Costco represented they would receive through Defendants' illegal collection of "sales tax" on retail sales that involve redeemed Executive Rewards.

3

17.    Because Costco collected excess monies on these transactions, Plaintiff and the Class paid more for the Products they purchased, in excess of what they were actually worth.  Given that Plaintiff and the Class were charged excess "sales tax" on these retail sales that involve redeemed Executive Rewards based on Costco's representations that it was charging and collecting the correct amount of "sales tax," Plaintiff and the Class Members suffered an injury in the amount of the over collected money paid under the guise of "tax."

## PARTIES

18.    At all relevant times, Plaintiff was and is a Missouri citizen residing in Missouri.

19.    This is an action brought directly by Plaintiff against Defendant.

20.    Costco Wholesale Corporation is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, WA 98027. Costco Wholesale Corporation is an American membership-only warehouse club that provides a wide selection of merchandise and operates warehouses throughout the United States, including approximately eight (8) warehouses in Missouri. Costco Wholesale Corporation is the ultimate parent company of myriad subsidiaries that operate as a single organization with divisions for Costco warehouses and Costco.com sales.

21.    Costco Wholesale Membership, Inc. is Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, WA 98027. Costco Wholesale Membership, Inc. is a small organization in the general merchandise retailer industry

## JUISDICTION & VENUE

22.    This Court has personal jurisdiction over Costco because the acts and/or omissions which are the subject of this litigation occurred in St. Louis County, Missouri, and Defendants regularly conducts business in St. Louis County, Missouri.

4

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

23. Venue is proper in St. Louis County, Missouri pursuant to Missouri Revised Statute § 508.010.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1341.

## FACTUAL ALLEGATIONS

25. Plaintiff brings this class action on behalf of herself and a proposed class of Missouri residents who made purchases of Products from any Costco stores in the state of Missouri, or, as a resident of Missouri made an online purchase from Costco, where Executive Rewards or other pricing discount reduced the price actually paid, but the customer was required to pay a purported Missouri "sales tax" upon the full, undiscounted amount.

### Costco Executive Membership Rewards Program

26. Costco Executive Membership is a premium membership tier that costs $120 annually (or $130 in certain locations) and provides members with an annual 2% Reward on qualified Cosco purchases.

27. Executive Members receive an annual Executive Reward certificate that can be redeemed at Costco warehouses toward future purchases. The Reward is calculated as 2% of eligible purchases made during the membership year, up to a maximum reward amount.

28. When an Executive Member has an Executive Reward certificate to redeem, they present it at checkout and the Reward amount is applied as a discount to the Executive Member's purchase transaction.

29. Costco admits Executive Rewards earned as a result of purchasing merchandise or tangible personal property from Costco qualify as "pricing discounts."

5

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

**Executive Rewards Should be Excluded from the Tax Base of Purchase Transactions from Costco and Are Not Subject to Missouri Sales Tax**

30.    Missouri state law mandates that all retail sales within the state be subject to a retail sales tax.

31.    The Costco Executive Rewards do not meet the definition of "gross receipts" as set forth by the Missouri Sales Tax Law and are excluded from the sales tax base and not subject to sales tax in instances when the Rewards are used by a customer to receive a pricing discount in a purchase transaction from Costco.

32.    Title X of the Missouri Taxation and Revenue, Chapter 144, sets forth the statutory scheme for the state of Missouri for the collection of sales tax.

33.    Missouri Revised Statutes § 144.010.1(4) defines "Gross Receipts" as:

> the total amount of the sales price of the sales at retail including any services other than charges incident to the extension of credit that are part of such sales made by the businesses herein referred to, capable of being valued in money, whether received in money or otherwise. … For the purposes of sections 144.010 to 144.525 the total amount of the **sale price** above mentioned shall be deemed to be the amount received.

34.    "Sales Price" is not specifically defined in Section 144.010, but Section 144.605(8) in the Use Tax law does defines "Sales Price" as:

> the consideration … paid or given, or contracted to be paid or given, by the purchaser to the vendor for the tangible personal property … without any deduction therefrom …, **except that cash discounts allowed and taken on sales shall not be included**.

35.    The use tax is designed to be complementary and to protect the sales tax. For the use tax and sales tax to be "complement one another," the definition of "sales price" must "carry an identical meaning" for purposes of both the sales tax and use tax as imposed by Chapter 144. See *House of Lloyd v. Director of Revenue*, 884 S.W.2d 271 (Mo. banc 1994).

36.    In addition to these definitional sections, Section 144.083.5 provides:

6

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

Notwithstanding any law or rule to the contrary, sales tax shall only apply to the sales price paid by the final purchaser and not to any off-invoice discounts or other pricing discounts or mechanisms negotiated between manufacturer, wholesaler, and retailers.

37. Costco admits that the Executive Rewards have no cash or property value.

38. Costco also admits that Executive Rewards earned as a result of purchasing groceries or tangible personal property from Costco qualify as "pricing discounts."

39. When §§144.010.1(4) and 144.083.5 are interpreted given the fact that Costco admits that the Executive Rewards have zero dollar ($0) value, it is patent that: (1) The Executive Rewards are not "gross receipts" since gross receipts must be "capable of being valued in money," which the Executive Rewards are not; and (2) The Executive Rewards are not part of the "sales price" for purposes of §144.083.5 as the Executive Rewards are an "off-invoice or other pricing discount" to the customer.

40. Executive Rewards should therefore be excluded from the tax base of purchase transactions from Costco and are not subject to Missouri sales tax.

41. Costco illegally and erroneously charges and collects a purported "sales tax" on amounts discounted by Executive Rewards, imposing a "sales tax" against the full retail price of Products purchased, even when the price paid by the final purchaser is less than full retail price.

42. Relevant Missouri Department of Revenue ("MDOR") Regulations further demonstrate that Executive Rewards should be excluded from the tax base of purchase transactions from Costco and are not subject to Missouri sales tax.

43. In addition, the Executive Rewards can be characterized as a Costco customer loyalty program. The Executive Rewards are the equivalent of either a seller coupon or seller rebate that is offered instantly at the time of a future purchase transaction from Costco. 12 CSR 10-103.555.3(D) and (F) provide as follows:

7

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

(D) **The value of a store coupon issued and redeemed by a seller is not subject to tax.** Store coupons are not included in gross receipts.

(F) **Rebates from sellers or manufacturers do not reduce taxable sales unless they are offered instantly at the time of sale**, except for rebates on motor vehicles, boats, trailers and outboard motors.

44. It is clear that under 12 CSR 10-103-555, neither a seller coupon nor a seller rebate offered instantly at the time of a sale are included in the tax base and should not be subject to Missouri sales tax.

45. This exclusion of coupon amounts from the tax base has been recognized by the MDOR in various letter rulings.

46. Moreover, even if the Executive Rewards are within the scope of the definition of "gross receipts," which they are not, the Executive Rewards should be excluded from the tax base of purchase transactions from Costco under Missouri law.

47. The Executive Rewards were earned as a result of a purchase in which the customer paid a certain dollar amount of consideration to Costco in exchange for the Products, and the Executive Rewards. The consideration in such a purchase was subject to state and local sales tax, and Costco collected and potentially remitted this state and local sales tax. Thus, the Executive Rewards have already been taxed as the Rewards value associated with the Executive Rewards was "factored in" to amounts the customer paid to Costco at the time of the purchase.

48. The value of the Executive Rewards redeemed by a customer in a future purchase transaction from Costco (the "Redeemed Goods") was previously "factored into" the charges for purchases made by the customer in exchange for consideration, and Costco added sales tax to the purchase.

49. Under Missouri law, if the cost of the Redeemed Goods was "factored into" the charges made by Costco in the previous purchases, no additional tax is due on the Redeemed Goods

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

if such Redeemed Goods are subsequently transferred to the customer at no additional charge or at a discount.

50.    Despite clear Missouri law to the contrary, Costco has charged in the past and on information and belief continues to charge, "sales tax" on the full retail price of its goods before they apply any Executive Rewards discounts or other pricing discounts that reduce the price actually paid by the customer.

51.    Defendants' practice of over-charging Missouri consumers excess monies under the guise of "tax" was consumer oriented.  This practice affected every Missouri consumer who used Executive Rewards as part of a transaction to purchase a Product from Defendants and were required to pay "sales tax" against the full retail price of Products purchased, even when the price paid by the final purchaser is less than full retail price during the Class Period.

52.    When a Missouri consumer makes a purchase from Defendants and redeems Executive Rewards as part of that transaction, the consumer is required to pay "sales tax" against the full retail price of Products purchased which Costco represents is the correct amount of sales tax imposed by the taxing authorities in order to complete the transaction.  Thus, the Executive Rewards are not excluded from the tax base of the purchase transaction.

53.    Costco practice of failing to exclude Executive Rewards from the tax base of the purchase transaction and charging "sales tax" against the full retail price of the Products purchased on these types of transactions are likely to mislead a reasonable consumer and were thus materially misleading.  Costco repeatedly represented to consumers that Costco was charging and collecting the correct amount of sakes tax imposed by taxing authorities on these types of transactions when, in fact, that amount of tax charged was not owed.

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

54.    Plaintiff brings this class action on behalf of herself and all Missouri residents who, during the five-year period before the filing of this Petition (the "Class Period"), used Costco Executive Rewards as part of a transaction to purchase Products from Costco for personal, family, or household use from Costco in Missouri and were charged "sales tax" upon the discounted portion of the retail price of the item(s) purchased when the price paid was less than the full retail price.

## NAMED PLAINTIFF ALLEGATIONS

55.    During the Class Period, Plaintiff made a purchase where her redeemed Executive Rewards were not excluded from the tax base of purchase transactions from Costco and she was charged "sales tax" upon the discounted portion of the retail price of the Products purchased

56.    On August 23, 2025, Plaintiff purchased a Product for personal, family, or household use from Costco utilizing Executive Rewards she earned.  Her Executive Rewards entitled Plaintiff to $172.98 off her purchase.  Plaintiff was required by the Costco's cashier to pay a purported "sales tax" on the total amount of her purchase before the $172.98 Executive Rewards discount was applied, in order to complete her transaction.

57.    Costco required Plaintiff to pay a 10.2380% sales tax in the amount of $28.67 on the Total Sale of $279.99.  This amount appears to have been calculated based on the cumulative state and local sales tax rates applicable to retail sales at this Costco store location in University City in St. Louis, MO.  However, this sales tax was applied by Costco to the full retail price of the Products before any Executive Rewards discount was applied.  And this sales tax was not reduced after the Executive Rewards discount was applied.  Plaintiff was still required to pay sales tax in the amount of $28.67 based on the full retail price of the Product before any Executive Rewards discount was applied.

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM



58.     Plaintiff purchased the Products from Costco because she saw the purchase price and the taxes that she was required to pay in order to complete her transaction, which represented that she was being charged the correct sales tax rate and proper amount of tax imposed by taxing authorities.  Plaintiff relied on Defendants' false, misleading, and deceptive representations that Costco was charging and collecting the correct amount of tax on these types of transactions.  She understood this to mean that the amount of sales tax charged and collected on her purchases of the

Products was the correct amount of sales tax imposed by taxing authorities. Plaintiff would not have purchased the Products at all or would have been willing to pay a reduced amount for the Products, if she had known that Costco was unlawfully and illegally charging and collecting "sales tax" on the full retail price of the Product before any Executive Rewards discount was applied.

59. It is possible, however, that Plaintiff would purchase Costco's Products using Executive Rewards in the future if Costco no longer charged "sales tax" upon the discounted portion of the retail price of the Products purchased. Specifically, Plaintiff would like to purchase Products if the amounts collected as "tax" on these types of transactions complied with the correct sales tax imposed by the Missouri Department of Revenue.

60. Plaintiff did not receive Products worth the amounts reflected by the "tax" Costco charged and collected on these purchases, and therefore did not receive the benefit of the bargain that Costco represented she would receive through its illegal collection of excess monies on these transactions than what was imposed by taxing authorities.

61. Because Costco collected excess monies on this transaction, Plaintiff paid more for the Products she purchased, in excess of what they were actually worth. Given that Plaintiff was charged excess "tax" on these transactions for the Products based on Costco's representations that it was charging and collecting the correct amount of sales tax, Plaintiff suffered an injury in the amount of the over collected money paid under the guise of "tax."

62. As a result, Plaintiff has been personally victimized and suffered economic injury as a direct result of Defendants' unlawful and unfair conduct.

## PLAINTIFF AND REASONABLE CONSUMERS WERE MISLED

63. Plaintiff relied on Costco's misrepresentations, described herein, in making the decision to purchase the Products from Costco.

12

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

64.     At the time Plaintiff purchased the Products and tangible personal property, Plaintiff did not know, and had no reason to know, that Costco's representations that it was charging the correct and proper amount of sales tax on these types of transactions were false, misleading, deceptive, and unlawful as set forth herein.

65.     The reasonable consumer is not expected or required to confirm or debunk Costco's claims and representations that Costco's was charging and collecting the correct and proper amount of tax on its these types of transactions.

66.     Costco materially misled and failed to adequately inform reasonable consumers, including Plaintiff, that it was charging and collecting excess monies under the guise of "sales tax" on these types of transactions.

67.     Costco's representations that it was charging and collecting the correct and proper amount of sales tax on purchases utilizing Executive Rewards induced consumers, including Plaintiff and the Class, to pay more for the Products they purchased than they were actually worth. Plaintiff and Class members relied on Costco's false and misleading misrepresentations in purchasing Costco's Products in excess of what they were actually worth. If not for Costco's misrepresentations, Plaintiff and the Class Members would not have been willing to purchase Products from Costco using Executive Rewards at a price in excess of what they were worth. Accordingly, they have suffered an injury as a result of Costco's misrepresentations.

68.     Plaintiff would not have purchased the Products from Costco if she had known the truth. Accordingly, based on Costco's material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased Costco's Products using Executive Rewards to their detriment.

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

## CLASS ACTION ALLEGATIONS

69.     Plaintiff brings this action pursuant to Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3 on behalf of herself and a class defined as follows:

All Missouri residents who, within the five-year period before the filing of this Petition, purchased products and/or tangible personal property from a Costco retail location in Missouri for personal, family or household use, where Executive Rewards or other pricing discount was part of the transaction.

Excluded from the Class are:

i.     Defendants, any entity in which a Defendants have a controlling interest or which has a controlling interest in a Defendant, and Defendants' legal representatives, predecessors, successors, assigns, and employees;

ii.     Counsel and members of the immediate family of counsel for Plaintiff herein; and

iii.     The judge and staff to whom this case was assigned, and any member of the judge's immediate family.

70.     Plaintiff reserves the right to revise this definition of the Class based on facts she learns during discovery.

71.     Plaintiff brings this action on her own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3.

72.     Plaintiff is a member of the Class because, during the Class Period, she purchased a Product for personal, family or household use from Costco where her redeemed Executive Rewards were not excluded from the tax base of the purchase transaction and she was charged "sales tax" upon the discounted portion of the retail price of the Products purchased.

14

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

73.    Plaintiff, on information and belief, asserts that, during the Class Period, thousands of Class members have similarly made purchase transactions from Costco where their redeemed Executive Rewards were not excluded from the tax base of the purchase transaction and they were charged "sales tax" upon the discounted portion of the retail price of the Products purchased.

74.    The particular members of the Class are capable of being described without difficult managerial or administrative problems.  The members of the Class are readily identifiable from the information and records in the possession or control of the Defendant.

75.    The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

76.    This Class is believed to comprise many consumers, the joinder of whom is impracticable both because of their number and because they are spread out across the state of Missouri.  Moreover, the amount of damages suffered individually by each member is so small as to make suit for its recovery by each one economically unfeasible.

77.    Class treatment will provide substantial benefit to both the parties and the court system.  A well-defined commonality of interest in the questions of law and fact involved affects Plaintiff and all proposed members of the Class.

78.    There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members.  The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled.  The principal common issues include, but are certainly not limited to the following:

a. Whether Costco charged and collected a purported "sales tax" on the Executive Rewards-related discounted amount of purchases in its Missouri retail stores;

b. Whether such purported retail "sales tax" charges were unlawful pursuant to Missouri Revised Statutes § 144.083(5);

c. Whether such purported retail "sales tax" charges constitute an "unfair practice" as that term is used in Missouri Revised Statutes § 407.020(1);

d. Whether such purported retail "sales tax" charges constitute an "unlawful practice" as that term is used in Missouri Revised Statutes § 407.020(1);

e. Whether such purported retail "sales tax" charges constitute an "unethical practice" as that term is used in Missouri Revised Statutes § 407.020(1);

f. Whether Costco misrepresented that a sales tax was owed on the Executive Rewards-related discounted portion of the purchase price;

g. Whether such purported retail "sales tax" charges by Costco constitute a violation of Missouri Revised Statutes § 407.020(1);

h. If such purported retail "sales tax" charges are unlawful, may such charges be recoverable pursuant to a claim of unjust enrichment;

i. Whether Plaintiff and the Class conferred a benefit on Costco in the form of money collected by Costco as purported "sales tax" on the Executive Rewards-related discounted portion of the purchase price;

j. Whether Costco's retention of the funds collected as purported "sales tax" on the Executive Rewards-related discounted portion of the purchase price would be unjust;

16

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

k.   Whether charging and collecting a purported "sales tax" on the Executive Rewards-related discounted amount of purchases generated a profit for Costco;

l.   Whether Costco was negligent in charging and collecting a purported "sales tax" on the Executive Rewards-related discounted portion of the purchase price;

m.   Whether Costco's practices with respect to its calculation of "sales tax" on the Executive Rewards-related discounted amount of purchases are an unfair and unethical business practice;

n.   The nature and extent of damages and other remedies to which the conduct of Costco entitles the Class members;

o.   Whether Costco's customers were damaged due to Costco's unlawful tax practices;

p.   Whether Costco should, under Missouri law, be required to return "tax" monies to Plaintiff and the Class;

q.   Whether Costco should be enjoined from continuing its improper and unlawful tax practices as described above; and

r.   Whether Costco should be required to pay attorney's fees.

79.   Plaintiff's claims are typical of the proposed Class.

80.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claims antagonistic to those of the Class.  Plaintiff has retained competent and experienced counsel.  Undersigned counsel is committed to the vigorous prosecution of this action.

81.   The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

17

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

The resolution of common questions in this case will resolve the claims of both Plaintiff and the Class.

82.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Class are numerous and individual joinder is impracticable.  The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.  Trial of Plaintiff's claims is manageable.

83.    Unless a class is certified, Costco will retain monies received and Plaintiff will have suffered damages as a result of Costco illegal collection of taxes from Plaintiff and proposed members of the Class.  Unless a Class-wide injunction is issued, Costco will continue to commit violations against Missouri customers.

84.    This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to Mo. Rev. Stat. § 407.025.

## COUNT I:  VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

85.    Plaintiff incorporates by reference and re-alleges all preceding paragraphs of this Petition as if fully set forth herein.

86.    Costco's actions alleged herein violated, and continue to violate, the Missouri Merchandising Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*

87.    Costco is a "person" within the meaning of the MMPA, at Missouri Revised Statutes § 407.010(5).

88.    The Products purchased from Costco are "merchandise" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(4).

89.    The Products purchased from Costco are for personal, family or household use.

18

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

90.    The transactions resulting in purchases of Products from Costco in Missouri are a "sale" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(6).

91.    Costco actions alleged herein constituted and continue to constitute, illegal deceptive practice in violation of Mo. Rev. Stat. § 407.020.1 in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

92.    Costco's actions alleged herein violated, and continue to violate, the MMPA because they constituted, and continue to constitute, unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.  Specifically, they were and are, *inter alia*, unethical and unlawful.

93.    Defendants' misrepresentations that it was charging and collecting the correct amount of sales tax on the Executive Rewards-related discounted amount of purchases are material in that they relate to matters that are important to consumers and/or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and the Class.

94.    Plaintiff and the Class reasonably and justifiably relied on Defendants' misleading and fraudulent representations that Costco was charging the correct and proper amount of sales tax on these types of transactions.

95.    At all times relevant herein, Plaintiff was unaware that the Costco was illegally collecting excess monies under the guise of "sales tax" on sales transactions where Executive Rewards were redeemed.

96.    Defendants' representations that Costco was charging the correct and proper amount of sale tax on these types of transactions was a violation of the MMPA, as further stated herein, and was a material misrepresentation.

19

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

97.    Plaintiff and the Class seek actual damages for all monies paid in violation of Chapter 144, Missouri Revised Statutes.

98.    Defendants' misrepresentations and omissions were material because they were likely to deceive reasonable consumers.

99.    As a direct and proximate result of Defendants' unlawful and deceptive acts and practices, Plaintiff and the Class have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including not receiving the benefit of their bargain in purchasing the Products.

100.    Plaintiff and other members of the Class lost money or property as a result of Defendants' violations because: (a) they would not have made purchases on the same terms if they knew that Defendants was charging sales tax and collecting excess monies under the guise of "tax" on the discounted amount of the purchases than what was imposed by taxing authorities; (b) they paid more for the Products they purchased, in excess of what they were actually worth, because Defendants collected excess monies on these transactions under the guise of tax due to Defendants' misrepresentations and deceptions; and (c) the Products purchased do not have the characteristics, uses, or benefits as promised.

101.    The acts and practices of Defendants, as alleged herein, caused actual damages to Plaintiff and the Class because they did not receive Products worth the amounts reflected by the amount of "sales tax" Defendants charged and collected on these purchases, and therefore did not receive the benefit of their bargain Defendants represented they would receive through its illegal collection of excess monies on these transactions by charging more sales tax than what was imposed by taxing authorities.

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

102.    The foregoing acts and practices of Defendants constituted unfair and unlawful practices, and deceptive conduct, in violation of the MMPA.

103.    Appropriate injunctive relief is necessary to prevent Costco's MMPA violations from continuing.  If Costco's violations of the MMPA are not stopped by such injunctive relief, Plaintiff and the members of the Class will continue to suffer injury by being charged sales tax on the discounted amount of the purchases.

104.    Plaintiff and the Class seek all monetary and non-monetary relief allowed by law, including treble damages, attorneys' fees and costs, and any additional relief this Court deems necessary or proper.

105.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT II:  UNJUST ENRICHMENT

106.    Plaintiff incorporates by reference and re-alleges all preceding paragraphs of the Petition as though fully set forth herein.

107.    Plaintiff and the Class have no adequate remedy at law for the injuries currently being suffered as an award of monetary damages would not prohibit Costco's unlawful collection of monies under the guise of "tax" from Missouri consumers for the transactions at issue.  Without equitable relief, Costco's unlawful, unfair, and deceptive practices will continue to harm Plaintiff and the Class.

108.    Costco has been unjustly enriched at Plaintiff and the Class's expense.

109.    As alleged above, Costco charged and collected sales tax on the Executive Rewards-related discounted portion of the retail price of the Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the purchase transaction.

21

110. Costco has been unjustly enriched in that they received and retained the benefit of funds to which it was not entitled and received in violation of Missouri law.

111. Said funds were conferred on Costco by Plaintiff and the Class members under a mistake of fact due to Costco's misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

112. Costco's retention of these funds is unjust because Costco misrepresented the amount of tax due for the sale of its Products, and collected more tax than allowed under Missouri law.

113. Allowing Costco to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

114. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT III: NEGLIGENCE

115. Plaintiff incorporates by reference and re-alleges all preceding paragraphs of the Petition as though fully set forth herein.

116. Costco owed Plaintiff and all others similarly situated a duty to exercise reasonable care to determine, represent, charge and collect the correct lawful amount of sales tax on purchase transactions or Products from Costco where Executive Rewards were redeemed.

117. Costco was negligent and breached its duty of reasonable care in the following respects:

    a. Incorrectly charging sales tax on the Executive Rewards-related discounted portion of the retail price of Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the purchase transaction;

22

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

b. Charging sales tax on the Executive Rewards-related discounted portion of the retail price of Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the purchase transaction in violation of Missouri law;

c. Collecting sales tax on the Executive Rewards-related discounted portion of the retail price of Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the purchase transaction in violation of Missouri law;

d. Failing to disclose to customers that it was charging sales tax on the Executive Rewards-related discounted portion of the retail price of Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the purchase transaction.

118.    As a direct and proximate result of Costco's negligence, Plaintiff and all others similarly situated sustained monetary damages in the form of excessive taxes paid.

119.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT IV:  MONEY HAD AND RECEIVED

120.    Plaintiff incorporates by reference and re-alleges all preceding paragraphs of this Petition as if fully set forth herein.

121.    Costco has received money from Plaintiff and the Class by charging sales tax on the Executive Rewards-related discounted portion of the retail price of Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the

23

purchase transaction in violation of Missouri law, which in equity and good conscience ought to be returned to Plaintiff and the Class.

122.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

**PRAYER FOR RELIEF**

123.    WHEREFORE, Plaintiff and each member of the proposed Class pray for a judgment:

(a) Certifying the Class as requested herein;

(b) Entering an order appointing Orlowsky Law, LLC and Goffstein Law, LLC as counsel for the Class;

(c) Awarding Plaintiff and the Class compensatory damages, including the return of the full amount of excessive taxes paid;

(d) Awarding restitution to Plaintiff and Class;

(e) Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Costco from continuing the unlawful practices as set forth herein, specifically the charging of sales tax on the Executive Rewards-related discounted portion of the retail price of Products purchased on transactions where Executive Rewards were redeemed but not excluded from the tax base of the purchase transaction;

(f) Awarding pre-judgment interest;

(g) Awarding post-judgment interest;

(h) Awarding attorneys' fees and costs;

(i) Providing such further relief as the Court may deem fair and reasonable.

## JURY DEMAND

124.    Plaintiff demands a trial by jury on all issues so triable.

Dated:  April 20, 2026

Respectfully submitted,

ORLOWSKY LAW, LLC

/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7375
dan@orlowskylaw.com

GOFFSTEIN LAW, LLC

/s/ Adam M. Goffstein
Adam M. Goffstein, #45611
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7278
adam@goffstienlaw.com

*Attorneys for Plaintiff*

Electronically Filed - St. Louis County - April 20, 2026 - 12:40 PM

Electronically Filed - St Louis County - April 20, 2026 - 12:40 PM

**26SL-CC03212**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

Vanessa Annunziata, on behalf of herself and all others similarly situated,
Plaintiff/Petitioner

vs.

Costco Wholesale Corporation and Costco Whole's Membership, Inc.
Defendant/Respondent

For File Stamp Only

_____
Date

_____
Case Number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___Plaintiff_____, pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John Frederick, Christopher Ruhland,   PO Box 270840  St Louis MO 63127     314-966-5585
Name of Process Server                 Address                                         Telephone

Carla Birkholz, April Birkholz, Rebecca Montle, Jacob Frederick, Michelle Gysbers    "          "
Name of Process Server                 Address or in the Alternative                   Telephone

Cody Terry, Jessica Frederick, Dave Roberts, & Robert Montle         "       "   314-966-5585
Name of Process Server                 Address or in the Alternative                   Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
  Defendant Costco Wholesale Corporation
Name
  C T Corporation System, Registered Agent
Address
  5661 Telegraph Rd, Ste. 4B, St. Louis, MO  63129
City/State/Zip

SERVE:
  Defendant Costco Wholesale Membership, Inc.
Name
  C T Corporation System, Registered Agent
Address
  5661 Telegraph Rd., Ste. 4B, St. Louis, MO  63129
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____
    Deputy Clerk

_____
Date

  /s/Daniel J. Orlowsky_____
Signature of Attorney/Plaintiff/Petitioner
  57387_____
Bar No.
  7777 Bonhomme Ave., Ste. 1910, Clayton, MO  63105
Address
  (314) 725-5151            (314) 455-7375
Phone No.                                    Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - April 20, 2026 - 12:40 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 08/16

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 10:41 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| VANESSA ANNUNZIATA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. 26SL-CC03212 |
| vs. | ) ) | Division |
| COSTCO WHOLESALE CORPORATION, and COSTCO WHOLESALE MEMBERSHIP, INC, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## ENTRY OF APPEARANCE

COMES NOW Adam M. Goffstein, Goffstein Law, LLC, and hereby enters his appearance as co-counsel on behalf of Plaintiff in the above-referenced matter.

Respectfully submitted,

GOFFSTEIN LAW, LLC


/s/ Adam M. Goffstein
Adam M. Goffstein, #45611
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7278
adam@goffstienlaw.com

*Attorney for Plaintiff*

1

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 10:41 AM

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, the Entry of Appearance was filed electronically with the Clerk of Court and served via the Court's electronic filing system to all attorneys of record.

/s/ Adam M. Goffstein

# Summons in Civil Case
## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03212 | |
|---|---|---|
| Plaintiff/Petitioner:<br>VANESSA ANNUNZIATA<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN ORLOWSKY<br>7777 BONHOMME AVE<br>SUITE 1910<br>ST. LOUIS, MO  63105 | |
| Defendant/Respondent:<br> COSTCO WHOLESALE<br>CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to:    COSTCO WHOLESALE MEMBERSHIP, INC.
**Alias:**
**RA - CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD., STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**


You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 27-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD


SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6161**
1 of 2 (26SL-CC03212)               Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                        54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 26SL-CC03212**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                            Date                          Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03212 | |
|---|---|---|
| Plaintiff/Petitioner:<br>VANESSA ANNUNZIATA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN ORLOWSKY<br>7777 BONHOMME AVE<br>SUITE 1910<br>ST. LOUIS, MO  63105 | |
| Defendant/Respondent:<br> COSTCO WHOLESALE<br>CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**    COSTCO WHOLESALE CORPORATION
**Alias:**
**RA - CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD, STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 27-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6162**
1 of 2 (26SL-CC03212)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 26SL-CC03212**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

[ ]  delivering a copy of the summons and petition to the defendant/respondent.

[ ]  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

[ ]  (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

[ ]  other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____    _____
        Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                            Date                         Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - May 04, 2026 - 03:02 PM



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 26SL-CC03212 | |
|---|---|---|
| Plaintiff/Petitioner:<br>VANESSA ANNUNZIATA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN ORLOWSKY<br>7777 BONHOMME AVE<br>SUITE 1910<br>ST. LOUIS, MO 63105 | |
| Defendant/Respondent:<br>COSTCO WHOLESALE CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:** COSTCO WHOLESALE MEMBERSHIP, INC.
**Alias:**
RA - CT CORPORATION SYSTEM
5661 TELEGRAPH RD., STE. 4B
ST. LOUIS, MO 63129

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 27-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC03212

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

TRACI MACMANN _____ (name) CT CORP REP. _____ (title).

☐ other: _____.

Served at 5661 TELEGRAPH RD, STE 4B, ST. LOUIS, MO, 63129 (address)

in ST. LOUIS _____ (County/City of St. Louis), MO, on 4/30/2026 _____ (date)

at 12:01 PM _____ (time).

CHRIS RUHLAND _____          _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on 5/1/2026 _____ (date).

JAIMIE MANESS
Notary Public, Notary Seal
State of Missouri
(Seal) Jefferson County
Commission # 13430690
My Commission Expires 01-02-2029

My commission expires: 1/2/2029 _____

_____          _____
Date          Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - May 04, 2026 - 03:02 PM



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03212 |
|---|---|
| Plaintiff/Petitioner:<br>VANESSA ANNUNZIATA | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN ORLOWSKY<br>7777 BONHOMME AVE<br>SUITE 1910<br>ST. LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br> COSTCO WHOLESALE<br>CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp for Return) |

The State of Missouri to:    **COSTCO WHOLESALE CORPORATION**
**Alias:**
**RA - CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD, STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 27-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - May 04, 2026 - 03:02 PM

Case Number: **26SL-CC03212**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_TRACI MACMANN_____ (name) _CT CORP REP_____ (title).

☐ other: _____.

Served at _5661 TELEGRAPH RD, STE 4B, ST. LOUIS, MO, 63129_____ (address)

in _ST. LOUIS_____ (County/City of St. Louis), MO, on _4/30/2026____ (date)

at _12:01 pm____ (time).

_CHRIS RUHLAND_____          _[signature]_____
Printed Name of Officer or Server                Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _5/1/2026_____ (date).

JAIMIE MANESS
Notary Public, Notary Seal
(Seal)
State of Missouri
Jefferson County
Commission # 13430690
My Commission Expires 01-02-2029

My commission expires: _1/2/2029____          _[signature]_____
                                    Date                Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - May 04, 2026 - 03:02 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| VANESSA ANNUNZIATA, on behalf of herself and all others similarly situated, | ) ) | |
| | ) | Cause No. 26SL-CC03212 |
| Plaintiff, | ) ) | |
| | ) | Division |
| vs. | ) ) | |
| COSTCO WHOLESALE CORPORATION, and | ) ) | JURY TRIAL DEMANDED |
| COSTCO WHOLESALE MEMBERSHIP, INC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM TO CLERK REGARDING RETURN OF SERVICE**

COMES NOW Plaintiff, by and through counsel, and hereby files the Return of Service

on Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (see

attached Returns).

Costs to be taxed against Defendant.

Respectfully submitted,

ORLOWSKY LAW, LLC

/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7375
dan@orlowskylaw.com

GOFFSTEIN LAW, LLC

/s/ Adam M. Goffstein
Adam M. Goffstein, #45611
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7278
adam@goffsteinlaw.com

Attorney for Plaintiff

1

Electronically Filed - ST LOUIS COUNTY - May 04, 2026 - 03:02 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on this  4th  day of  May , 2026, the foregoing was filed electronically with the Clerk of Court and served via the Court's CM/ECF system to all attorneys of record.

/s/Daniel J. Orlowsky

2

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 06:32 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| *VANESSA ANNUNZIATA, on behalf of herself and all others similarly situated,* ) <br><br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> *COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC.,* ) <br> ) <br> ) <br> ) <br> ) <br> Defendants. ) | Case No. 26SL-CC03212 <br><br><br> **JURY TRIAL DEMANDED** |

**ENTRY OF APPEARANCE & JURY TRIAL DEMAND**

COME NOW, Jonathan T. Barton and the law firm of Stanton | Barton, LLC and hereby enter their appearance on behalf of Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc., in the above-captioned matter. Defendants demand a jury trial.

Respectfully submitted,

STANTON | BARTON, LLC

By:    */s/ Jonathan T. Barton*
Jonathan T. Barton # 47260
Megan M. Oliver #72370
8000 Maryland Avenue | Suite 450
St. Louis | Missouri | 63105
Telephone: (314) 455-6500
Fax: (314) 455-6524
jbarton@stantonbarton.com
moliver@stantonbarton.com

*Attorneys for Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc.*

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 06:32 AM

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served

on the parties of record by using the Court's CM/ECF system, and via U.S. Mail to:

Daniel J. Orlowsky
Orlowsky Law, LLC
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151
Fax: (314) 455-7375
dan@orlowskylaw.com

Adam M. Goffstein
Goffstein Law, LLC
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151
Fax: (314) 455-7278
adam@goffsteinlaw.com

This 29th day of May, 2026.

/s/ Jonathan T. Barton
Jonathan T. Barton